**FILED**

IN THE UNITED STATES DISTRICT COURT **UNITED STATES DISTRICT COURT**
**ALBUQUERQUE, NEW MEXICO**

FOR THE DISTRICT OF NEW MEXICO

FEB **0 3** 2020

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **MITCHELL R. ELFERS** |
| | ) | **CLERK** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 19-02320-MV |
| | ) | |
| ERVIN YAZZIE, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Ervin Yazzie, and the Defendant's counsel, Robert Gorence:

## REPRESENTATION BY COUNSEL

1.      The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The Defendant further understands the Defendant's rights:

      a.      to be prosecuted by indictment;

      b.      to plead not guilty, or having already so pleaded, to persist in that plea;

      c.      to have a trial by jury; and

      d.      at a trial:

            i.      to confront and cross-examine adverse witnesses,

ii.     to be protected from compelled self-incrimination,

iii.    to testify and present evidence on the Defendant's own behalf, and

iv.     to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 1 of the information, charging a violation of 18 U.S.C. §§ 1153, and 1111, that being Second Degree Murder, an Indian Country crime, and Count 2 of the information, charging a violation of 18 U.S.C. §§ 1153 and 1201(c), that being Conspiracy to Commit Kidnapping.

## SENTENCING

4.      The Defendant understands that the maximum penalty provided by law for the offense of Second Degree Murder, Aiding and Abetting, an Indian Country crime is:

a.      imprisonment for a period of life;

b.      a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.      a term of supervised release of not more than five years to follow any term of imprisonment.   (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

5.  The Defendant understands that the maximum penalty provided by law for the offense of

Conspiracy to Commit Kidnapping is:

   a.     imprisonment for a period of life;

   b.     a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the

          Defendant or pecuniary loss to the victim;

   c.     a term of supervised release of not more than five years to follow any term of

          imprisonment.   (If the Defendant serves a term of imprisonment, is then

          released on supervised release, and violates the conditions of supervised

          release, the Defendant's supervised release could be revoked — even on the

          last day of the term — and the Defendant could then be returned to another

          period of incarceration and a new term of supervised release.);

   d.     a mandatory special penalty assessment of $100.00; and

   e.     restitution as may be ordered by the Court.

6.     The parties recognize that the federal sentencing guidelines are advisory, and that

the Court is required to consider them in determining the sentence it imposes.

## ELEMENTS OF THE OFFENSE

7.     If this matter proceeded to trial, the Defendant understands that the United States

would be required to prove, beyond a reasonable doubt, the following elements for violations of

the charges listed below:

Count 1: 18 U.S.C. §§ 1153, and 1111, that being Second Degree Murder, an Indian

Country crime.

   *First*:        The defendant caused the death of John Doe;

   *Second*:       The defendant killed John Doe with malice aforethought;

*Third*:        The killing took place in Indian Country;

*Fourth*:       The defendant is an Indian.

Count 2: 18 U.S.C. §§ 1153 and 1201(c), that being Conspiracy to Commit Kidnapping,

an Indian Country crime.

*First*:        The defendant agreed with at least one other person to commit kidnapping;

*Second*:      One of the conspirators engaged in at least one overt act furthering the conspiracy's objective;

*Third*:       The defendant knew the essential objective of the conspiracy;

*Fourth*:      The defendant knowingly and voluntarily participated;

*Fifth*:       There was interdependence among the members of the conspiracy; that is, the members in some way or manner intended to act together for their shared mutual benefit within the scope of the conspiracy.

## DEFENDANT'S ADMISSION OF FACTS

8.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**I, Ervin Yazzie, an enrolled member of the Navajo Nation and "Indian" under**

**federal law did conspire with Darrell Desiderio to kidnap John Doe on June 7, 2018.**

4

By aiding, assisting, and encouraging Darrell Desiderio in the kidnaping of John Doe, I acted with callous and wanton disregard for the heath and safety of John Doe and assisted and caused his death.   Prior to June 7, 2018, I agreed to assist Darrell Desiderio acquire a vehicle.   Around 11:00 p.m. on June 7, 2018, as I was walking through Gallup, New Mexico, I was approached by John Doe who was driving a brown Chevrolet truck.   Doe asked me if I knew where we could find some women who would want to "party."   Knowing that Darrell Desiderio wanted a vehicle, I lied to John Doe and told him that my friend, Darrell Desiderio, knew some women who would be willing to party.   Doe agreed to give me a ride to Darrell Desiderio's location under the misapprehension that we would pick up Darrell Desiderio who would take us to meet some women.   I used my cellular telephone to call Darrell Desiderio and notified him that Doe and I would pick him up.   After picking up Darrell Desiderio, the three of us drove north of Gallup.   Darrell Desiderio instructed John Doe to drive toward a remote area known as "China Springs."   Darrell Desiderio lied to Doe to convince him to drive to the remote area so we could rob him.   After passing a windmill on China Springs Road, Darrell Desiderio instructed Doe to stop the vehicle.   Darrell Desiderio pressed a knife to Doe's neck and Doe pulled over the vehicle within the external boundaries of the Navajo Nation, in "Indian Country," in the District of New Mexico.   Doe turned off the vehicle and put the keys in his pocket.   Darrell Desiderio told me to retrieve the keys from Doe's pocket.   I told Doe not to resist and I reached my hand across Doe's lap to retrieve the keys.   As I attempted to retrieve, the keys, Doe slashed me with a sharp instrument.   Darrell Desiderio stabbed John Doe and the two tumbled

**out of the vehicle.   I attempted to stop my neck from bleeding as Darrell Desiderio**

**continued stabbing Doe.   While I tended to my injured neck, I lost sight of Darrell**

**Desiderio and Doe as they moved down the roadway in the darkness.   A few**

**minutes later, Darrell Desderio returned to my location near the brown Chevrolet**

**truck with Doe's keys in his hand.   Darrell Desiderio instructed me to get in the bed**

**of the truck and drove me away from China Springs.   Doe died from the stab**

**wounds inflicted by Darrell Desiderio.   The next day, Darrell Desiderio told me he**

**burned Doe's truck and instructed me not to go to the hospital or tell anyone about**

**the murder of Doe.**

9.      By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crimes to which the Defendant is pleading guilty.   The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to

determine the Defendant's sentence, including, but not limited to, the advisory guideline offense

level.

### RECOMMENDATIONS

10.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as

follows:

      a.      As of the date of this agreement, the Defendant has clearly demonstrated a

           recognition and affirmative acceptance of personal responsibility for the

           Defendant's criminal conduct.   Consequently, pursuant to USSG § 3E1.1(a),

           so long as the Defendant continues to accept responsibility for the

           Defendant's criminal conduct, the Defendant is entitled to a reduction of two

           levels from the base offense level as calculated under the sentencing

guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).   Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing.   Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

      b.      The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

11.     Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

12.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court including, but not limited to, information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

13.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5), or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of

any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crimes which this agreement otherwise anticipated would be dismissed or not prosecuted.

## RESTITUTION

16.     The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

17.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and any sentence and fine within or below the applicable advisory guideline range as determined by the Court, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number.   The Defendant specifically agrees not to appeal the Court's resolution of any contested sentencing factor in determining the advisory sentencing guideline range.   In other words, the Defendant waives the right to appeal both the Defendant's convictions and the right to appeal any sentence imposed in this case except to appeal the Defendant's sentence to the extent, if any, that the Court may depart or vary upward from the advisory sentencing guideline range as determined by the Court.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S ADDITIONAL AGREEMENT

18.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a.    Following sentencing, the United States will move to dismiss the indictment in CR 19-02320-MV with respect to Ervin Yazzie.

    b.    The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

19.    This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

20.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   There have been no promises from anyone as to what sentence the Court will impose.   The Defendant also represents that the Defendant is pleading guilty because the Defendant is, in fact, guilty.

## VIOLATION OF PLEA AGREEMENT

21.    The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crimes or offenses contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

22.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District**

**Court** in the amount of $200 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

23.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement

is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this **3rd** day of _____February_____, 2020.

JOHN C. ANDERSON
United States Attorney


_____
Joseph M. Spindle
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.   In addition, I have explained to my client the
elements to each offense to which he is pleading guilty.   To my knowledge, my client's decision
to enter into this agreement is an informed and voluntary one.


_____
Robert Gorence
Attorney for the Defendant


11

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Ervin Yazzie
Defendant